FILED

01 NOV 28 PM 2:37

U.S. ............. ....RT
NORTHERN DISTRICT OF OHIO
TOLEDO

## In The United States District Court
## for the Northern District of Ohio
## Western Division

Go Travel Toledo, Inc.
5431 Monroe St.
Toledo, Ohio 43623

        Plaintiff

vs.

American Airlines, Inc
dba American Airlines
4700 American Blvd.
MD 1000
Fort Worth, Texas

        Defendant

Case No.3:01 CV 7415

Assigned to: Judge David A. Katz

Barry E. Savage (0025481)

Attorney at Law
500 Madison Ave. Ste 315
Toledo, Ohio 43604
419 255-3557
419 255-4660 (Fax)

## Amended Complaint

Now comes the Plaintiff, by counsel, who for its causes of action alleges and avers as follows:

## Common Allegations

1, That Go Travel Toledo, Inc. is an Ohio corporation engaged in the business for providing travel services to individuals, businesses and groups requiring travel reservations and trip planning

throughout the world.

2, That Go Travel Toledo, Inc. is affiliated with Go Travel, Inc. of Altamonte Florida and Go Travel St.Mary, Florida who jointly engage as a "Group" to negotiate and place travel

reservations for their clients.

3, That Go Travel Toledo, Inc., Go Travel, Inc. and Go Travel St. Mary are collectively sometimes referred to hereinafter as the "Go Travel Group."

4, That American Airlines, Inc., dba American Airlines ("American Airlines") provides commercial airlines travel for the Go Travel Group.

5, That in September of 1999 American Airlines, working with Go Travel St. Mary issued a contract to place group travel for the "General Motors Cruise GRP", a client of Go Travel Toledo, Inc., for travel to Vancouver British Columbia with the departure travel date being July 1, 2000 and the return date being July 8, 2000, a copy of same being attached hereto and marked Exhibit A.

6, The purpose of the travel by air to Vancouver British Columbia by the General Motors Cruise GRP ("Group")was for the purpose of the members of the Group taking a cruise on Holland American Line to Alaska which was to leave from Vancouver the day the Group was to arrive by air in Vancouver, and the members of the Group relying upon the reservations to travel to Vacouver British Columbia and return by American Airlines as described hereinafter, reserved space and paid for their reservations on Holland American Lines.

7, That Go Travel Toledo paid all charges by American Airlines for the purchase of the tickets for the Group, the funds being forwarded by Go Travel and Go Travel St. Mary's.

8, The payment for the tickets as alleged above as in accordance with the Contract and the time or payment provided for therein.

9, That Go Travel St. Mary acting for Go Travel Toledo booked seats with American Airlines for the General Motors Group departing from Detroit Metro on July 1, 2000 on flight number 433 connecting with flight 1507.

10, That Go Travel St. Mary acting for Go Travel Toledo booked seats with American Airlines for the General Motors Group on the return flight to Detroit Metro departing Vancouver, British Columbia on July 8, 2000 on flight number 1531 connecting to flight number 263.

11, That American Airlines was notified by Go Travel St. Mary of the names of the persons traveling in the Group on about June 1, 1000 as set forth in Exhibit B which is attached hereto and made a part hereof the same as if fully rewritten herein.

2

12, That Go Travel St. Mary in reliance upon the contract, the payment of monies due American Airlines, issued tickets to all members of the Group described in Exhibit B which Go Travel Toledo distributed to the members of the Group which were to travel to Vancouver to board the cruise ship.

13, That at the time of the departure of the Group on July 1, 2000 from Detroit Metro, the members Group were notified by American Airlines upon their arrival for departure at Detroit Metro Airport that their tickets would not be honored by American Airlines and that their seats had been assigned to other passengers.

14, That as a result members of the Group were not able to travel to Vancouver on that date and in time to board the Holland American Lines ship departing that date for the Alaskan cruise for which they had paid.

15, That American Airlines did not offer any replacement booking to Vancouver.

16, That American Airlines did not refund monies paid by Go Travel Toledo, Inc. for the tickets to and from Vancouver British Columbia for the members of the Group.

17, That American Airlines did tender to Go Travel a standard travel agency commission on the bookings for the Group as described hereinabove.

## First Cause of Action

18, Plaintiff hereby incorporates the allegations and averments contained in the foregoing Common Allegations the same as if fully rewritten herein.

19, That there is due Go Travel Toledo, Inc. the sum of Twelve thousand eight hundred eleven and 46/100s ($12,811.46) dollars for monies paid to American Airlines demand having been made on Go Travel, Inc. for refund of the monies paid to American Airlines for reservations not fulfilled. and Plaintiff requests judgment against the Defendant for this amount.

## Second Cause of Action

20, Plaintiff hereby incorporates the allegations and averments contained in the Common Allegations into this Second Cause of Action the same as if fully rewritten herein.

21, That the following members of the group elected not to attempt to make the trip as planned

3

by To Travel Toledo and requested a full refund of all monies paid to Go Travel Toledo, Inc:

John and Linda Helminski, Lee Henson, Ann Knight, Raul and Frances Hinojoas, Joe and

Josephine Larkin, Delbert and Sharon Moreland.

22, That Go Travel Toledo, Inc. paid to the above members of the Group the sum of twenty two

thousand two hundred forty six and 12/100s ($22,246.12) dollars.

23, That by reason of the above payment Go Travel Toledo is entitled to judgment against

American Airlines, Inc. for the sum of twenty two thousand two hundred forty six and 12/100s

($22,246.12) dollars.

## Third Cause of Action

24, Plaintiff hereby incorporates the allegations and averments contained in the Common

Allegations into this Cause of Action the same as if fully rewritten herein.

25, That the following members of the Group elected to attempt to fly to Canada to make

connections with the Holland American ship to be on part of the cruise they had paid for :

Angelo and Carol DeLuca, Martha Harris, Lucille Knisley, James and Wanda Muncy, Antonio

and Mary Quantinilla, Lyndon and Barbara Stratton, Ronnie and Martha Thompson, Donald

Cannon and Betty Jean Cannon, Michael Donovan and Barbara Cannon.

26, That Go Travel Toledo, Inc. rebooked the foregoing members of the group for travel to

connect with the Holland American Lines ship and Plaintiff paid the sum of thirty one thousand

eight hundred forty one and 90/100s ($31,841.90) dollars.

27, That the Plaintiff is entitled to judgment against American Airlines, Inc. for the sum of thirty

one thousand eight hundred forty one and 90/100s ($31,841.90) dollars.

## Fourth Cause of Action

28, That the person electing to participate in the travel as rebooked by Go Travel as described in

the Third Cause of Action did not receive the full and satisfactory benefit of the travel

reservations as booked by Go Travel Toledo, Inc for them as follows:

     a, Their travel to Vancouver was disrupted and they were inconvenienced.

     b, Their trip aboard Holland American lines was disrupted and they

4

had the benefit of only part of the cruise.

c, They suffered lost time, inconvenience and frustration of expectation.

29, That to compensate the members of the Group making the trip as described in the Third Cause of Action, the Plaintiff paid the sum sixteen thousand six hundred forty eight and 83/100s ($ 16,648.83) dollars to the members of the Group and received an assignment of all claims form each copies of which are attached hereto and marked Exhibit C.

30, That Plaintiff is entitled judgment against American Airlines for the sum of sixteen thousand eight hundred forty eight and 83/100s ($16,648.83) dollars.

Wherefore, Plaintiff prays for judgment against the Defendant as follows:

a, Upon the First Cause of Action for the sum of $12,846.11 plus interest from the date of filing at the rate of ten (10%) per cent per annum.

b, Upon the Second Cause of Action for the sum of Twenty two thousand two hundred forty six and 12/100s ($22,246.12) dollars plus interest from the date of filing at the rate of ten (10%) per cent per annum.

c, Upon the Third Cause of Action for the sum of Thirty one thousand eight hundred forty one and 90/100s ( $ 31,841.90) dollars plus interest from the date of filing at the rate of ten (10%) per cent per annum.

d, Upon the Fourth Cause of Action for the sum of $ 16,649.83 plus interest at the rate of ten (10%) per annum.

e, That the costs of this action be assessed against the Defendant.

f, That the plaintiff have such other and further relief as it may be entitled to receive in the premises.

Barry E. Savage (0025481)
Attorney for Plaintiff
500 Madison Ave., Ste 315
Toledo, Ohio 43604
419 255-3557
419 255-4660 (Fax)

# Certification

It is hereby certified that a copy of the foregoing Amended Complaint was mailed to Mr. H. Buswell Roberts, Attorney for Defendant, 1000 Jackson St., Toledo, Ohio 43624 by depositing same in the U.S. Mails at Toledo, Ohio in an envelope duly addressed with sufficient first class postage affixed this 28th day of November, 2001.

Barry E. Savage
Attorney for Plaintiff

6

- Tickets will be non-refunda.    once issued. Changes are subj    , to an Administrative
Service Charge plus any fare difference.


BOOKING/DEPOSIT INFORMATION
Advance Purchase, : 21 Days
Deposit Due Date : 25Oct99
Number of Seats  : Coach = 80 /Business = 0 /First = 0 RT
Deposit per Seat : Coach = 40 /Business = 100 /First = 100 USD RT
Deposit Received : 0 USD
Total Deposit Due: 3200 USD


****** Deposit does not apply to ticketing.******
You may pay your deposit with a cashiers check, money order, agency check, or MCO.  We
are unable to accept personal checks for deposit payments.  Commissions should not be
deducted from your group deposit.
If deposit is not received by the indicated date block space will be released without
notification   Contractor may cancel all or any portion of each cabin's block space up
to 120 days prior to departure date. Contractor may cancel all or any portion of each
cabin's block space up to 60 days prior to departure date subject to a 10 dollar per RT
seat service fee.


SITE/EARNED STAFF TICKETS
-  Earned staff tickets to be used for travel with group at a ratio of one for every 39
tickets issued.
-  When claiming earned staff tickets for travel with the group, proof of ticketing must
be received 7 days prior to departure.  Late fees will apply for late requests.


TICKETING INSTRUCTIONS
-  A plus AA NUMBER Must appear in the tour code box.
-  Failure to enter the correct authorization number in the tour code box will result in
incorrect passenger count utilization and a debit memo.
-    Valid on AA only must appear in the endorsement box of each ticket issued for this
group.
-  THE FOLLOWING IS REQUIRED FOR EACH PASSENGER.
-  Full name on travel docs, passport/visa number or birth certificate if applicable,
issuing country, nationality, date of birth, gender, personal contact not traveling and
phone number of contact. Fax to AA Group and Meeting Travel 817-931-4387.


SPECIAL CONDITIONS
-  One name change per ticket will be allowed after ticketing with no administrative
service charge provided name change is made prior to commencement of travel.
-  If contract and deposit for entire group are received by 15/SEP/99, an additional 10
pct discount will be deducted from contracted rate.  This offer only applies to original
block of seats.
-  In the event your group does not meet the required minimum of 10 passengers, they
will be considered individual travelers and must be ticketed at the current published
fare for which they qualify.


CONTRACTOR AGREES
-  To utilize 90 percent of each cabin's block space retained at 60 days prior to
departure, or pay a cancellation charge of 40 USD -Coach/ 100 USD -Business/ 100 USD

– A –



- Individual passengers traveling during this travel dates as [illegible] group, but on flights other than the bloc space, will not be counted tow[ard] the required minimum. Upon verification of group space utilization at departure date, a refund will be processed less any applicable cancellation penalties or service charge fees. Should your group size fall below 10 passengers, the entire deposit will be forfeited and the applicable published fare will apply.
- Any applicable taxes will be collected at time of ticketing or at time of departure. All excess, oversized, and/or overweight baggage and equipment fees apply and may not necessarily travel with group. Any questions regarding baggage and/or equipment should be directed to AA Meeting Services at 1-800-433-1790. Certain aircraft limitations may apply
- To inform passengers that all taxes, fees, and charges ( any related penalties and interest) imposed on any portion of passengers travel are the responsibility of passenger, regardless of the date of purchase or travel, or any retroactive imposition of such taxes, fees, charges, penalties and interest.
- Copies of all promotional material prepared by contractor or by official travel agency must be approved in writing by American Airlines prior to use of the material.
- To designate American Airlines as the official airline for its meeting. No other carrier will be contracted or advertised as the official airline without American Airlines written consent

AGENCY AGREES

- To provide the contractor with a means for making individual flight reservations.
- To abide by reservation/ticketing procedures established by American Airlines and to provide documentation to verify the number of passengers booked and ticketed on American Airlines in order to qualify for staff tickets.

This agreement covers group travel only. A group consists of a minimum of 10 passengers traveling to a common destination. Tickets may be purchased through the official agency, or at any American Ticketing Locations.

No change may be made to this agreement unless made in writing and signed by both parties. Any use of American Airlines name/logo must be approved in writing by AA prior to printing. American Airlines reserves the right to cancel this agreement immediately upon any breach of this agreement by the contractor or upon thirty days written notice without cause

Please return a signed copy of this agreement to American Airlines at the address listed below by 25Oct99. Thank you for selecting American Airlines. We appreciate the opportunity to be of service.

| AMERICAN AIRLINES: | AGENCY: | CONTRACTOR: |
|---|---|---|
| By: ____________ | By: Kathleen A Wau | By: ____________ |
| Name: RM HURST | Name: Kathleen Wau | Name: ____________ |
| Title: Market Support Rep | Title: Agent | Title: ____________ |
| Date: ____________ | Date: ____________ | Date: ____________ |

CONTRACT ID: HMH0809991057
REVISION NUMBER: 3
MAILING ADDRESS:

OVERNIGHT DELIVERY ADDRESS:

3895 Lake Emma Road, Suite 113
Lake Mary, FL 32746
(407) 805-0000
Fax (407) 333-9415
E-Mail: gotvl6@juno.com

June 01, 2000

TO: AMERICAN ARLINES GROUP DEPT.

RE: GENERAL MOTORS UAW GROUP
    RECORD LOCATOR *SFVHYH – 25 psgrs.

Name list for ticketing:

Donald Cannon
Betty Jean Cannon
Angelo Deluca
Carole Deluca
Michael Donovan
Barbara Donovan
Martha Harris
John Helminski
Linda Helminski
LeWayne Henson
Raul Hinojosa
Frances Hinojosa
Lucille Knisley
Joe Larkin
Delbert Moreland
Sharon Moreland
James Muncy
Wanda Muncy
Antonio Quintanilla
Maria Quintanilla
Josephine Simmons
Barbara Stratton
Lyndon Stratton
Ronnie Thompson
Marta Thompson

Please advise if any additional information is needed.

Sincerely,

Kathy Nau
Group Dept.

## Covenan    lot to Sue and Assignment    claims

For One ($1.00) and other good and valuable consideration received from Go Travel Toledo, Inc. the undersigned, _Lucille M. Knisley_ ("Claimant") agrees not to assert directly or indirectly any claim against Go Travel Toledo, Inc. with respect to the cancellation of an air travel booking and reservation on American Airlines for travel on or about July 1, 2000 from Detroit Metro Airport to Vancouver B.C., returning on or about July 8, 2000, (the "incident") the air travel booked and reserved by Go Travel Toledo, Inc. and cancelled by American Airlines having been for the purpose of travel by the undersigned to board a ship of the Holland American Line for an Alaskan Cruise.

The undersigned further acknowledges that Go Travel Toledo, Inc. booked substituted air travel at added expense and that Go Travel Toledo, Inc. paid for same, and that as a result the cruise part of the trip was disrupted and the undersigned was able to participate only in a portion of the cruise and did not receive the entire benefit of the Alaskan cruise for which it had paid for in advance through Go Travel Toledo, Inc.

That Go Travel Toledo, Inc. having provided substitute air travel and refunded a portion of the Alaskan cruise fare as reimbursement for the damage and inconvenience suffered by the undersigned as a result of the airline booking cancellation by American Airlines, agrees that Claimant will not bring or assert any claim against Go Travel Toledo, Inc., its' officers, employees or directors in connection with the travel disruption suffered by the undersigned and in consideration of the foregoing, the sums advanced and paid by Go Travel Toledo, Inc. to and for the benefit of the undersigned, the undersigned assigns and transfers to Go Travel Toledo, Inc. all the undersigned claims, rights, causes of action and demands for reimbursement or claim against American Airlines as a result of the Incident, including assignment by way of subrogation.

Go Travel Toledo, Inc. is authorized by the undersigned to assert claims, demands and causes of action against American Airlines on behalf of Go Travel Toledo, Inc. and as assignee on behalf of the undersigned with respect to any claims, causes of action or demands that the undersigned have against American Airlines, Inc. as a result of the incident and of every kind and nature relating thereto. Further, the undersigned hereby appoints Go Travel Toledo, Inc. as its attorney in fact to pursue such claims, demands and causes of action, and that the proceeds of collection and recovery of any such claim asserted and pursued against American Airlines by Go Travel Toledo, Inc. shall be the property of Go Travel Toledo, Inc. including the right of Go Travel Toledo, Inc. to as attorney in fact to execute and sign releases and indorse checks and drafts in the name of the undersigned with respect to the pursuit and collection of such claims, the same to be without expense or cost to the undersigned.

This instrument shall be binding upon the undersigned, their heirs, personal representatives and assigns

In Witness Whereof, this Covenant Not to Sue and assignment of Claims was executed This ___8___ day of _NOVEMBER_ 2000

Witness

_[signature]_

_Patricia A. Powers_

Claimant _Lucille M. Knisley_

Claimant _____

State of ___OHIO___

County of ___STARK___ ss

Before me, a notary public in and for said county and state appeared
_LUCILLE M. KNISLEY_
Who being first sworn according to law deposed and stated they executed the foregoing instrument as their voluntary act and deed for the purposes expressed therein this ___8___ day of _NOVEMBER_ 2000.

_[signature]_

Notary Public
My Commission Expires _____

JOANN L. CARPENTER
Notary Public, State of Ohio
My Commission Expires Jan. 17, 2001

# Covena    Not to Sue and Assignmeni of claims

For One ($1.00) and o'he, good and valuable consideration received from Go Travel Toledo, Inc. the undersigned, _Lyndon & Barbara Stratton_ ("Claimant") agrees not to assert directly or indirectly any claim against Go Travel Toledo, Inc. with respect to the cancellation of an air travel booking and reservation on American Airlines for travel on or about July 1, 2000 from Detroit Metro Airport to Vancouver B.C., returning on or about July 8, 2000, (the "incident") the air travel booked and reserved by Go Travel Toledo, Inc. and cancelled by American Airlines having been for the purpose of travel by the undersigned to board a ship of the Holland American Line for an Alaskan Cruise.

The undersigned further acknowledges that Go Travel Toledo, Inc. booked substituted air travel at added expense and that Go Travel Toledo, Inc. paid for same, and that as a result the cruise part of the trip was disrupted and the undersigned was able to participate only in a portion of the cruise and did not receive the entire benefit of the Alaskan cruise for which it had paid for in advance through Go Travel Toledo, Inc.

That Go Travel Toledo Inc. having provided substitute air travel and refunded a portion of the Alaskan cruise fare as reimbursement for the damage and inconvenience suffered by the undersigned as a result of the airline booking cancellation by American Airlines, agrees that Claimant will not bring or assert any claim against Go Travel Toledo, Inc., its' officers, employees or directors in connection with the travel disruption suffered by the undersigned and in consideration of the foregoing , the sums advanced and paid by Go Travel Toledo, Inc. to and for the benefit of the undersigned, the undersigned assigns and transfers to Go Travel Toledo, Inc. all the undersigned claims, rights, causes of action and demands for reimbursement or claim against American Airlines as a result of the Incident, including assignment by way of subrogation.

Go Travel Toledo, Inc. is authorized by the undersigned to assert claims, demands and causes of action against American Airlines on behalf of Go Travel Toledo, Inc. and as assignee on behalf of the undersigned with respect to any claims, causes of action or demands that the undersigned have against American Airlines, Inc. as a result of the incident and of every kind and nature relating thereto. Further, the undersigned hereby appoints Go Travel Toledo, Inc. as its attorney in fact to pursue such claims, demands and causes of action, and that the proceeds of collection and recovery of any such claim asserted and pursued against American Airlines by Go Travel Toledo, Inc. shall be the property of Go Travel Toledo, Inc. including the right of Go Travel Toledo, Inc. to as attorney in fact to execute and sign releases and indorse checks and drafts in the name of the undersigned with respect to the pursuit and collection of such claims, the same to be without expense or cost to the undersigned.

This instrument shall be binding upon the undersigned, their heirs, personal representatives and assigns

In Witness Whereof, this Covenant Not to Sue and assignment of Claims was executed This _7th_ day of _Nov_, 2000

Witness

State of _OH_

County of _Lucas_ ___ ss

Claimant _Lyndon T. STRATTON_

Claimant _Barbara E. Stratton_

Before me, a notary public in and for said county and state appeared _Lyndon T. Stratton & Barbara E. Stratton_ Who being first sworn according to law deposed and stated they executed the foregoing instrument as their voluntary act and deed for the purposes expressed therein this _7th_ day of _Nov_, 2000.

Notary Public
My Commission Expires

KELLY ROBB
Notary Public - State of Ohio
My Commission Expires 7/8/04

# Covena   Not to Sue and Assignmen. of claims

For One ($1.00) and other good and valuable consideration received from Go Travel Toledo, Inc. the undersigned, _Ronnie & Marta Thompson_ ("Claimant") agrees not to assert directly or indirectly any claim against Go Travel Toledo, Inc. with respect to the cancellation of an air travel booking and reservation on American Airlines for travel on or about July 1, 2000 from Detroit Metro Airport to Vancouver B.C., returning on or about July 8, 2000, (the "incident") the air travel booked and reserved by Go Travel Toledo, Inc. and cancelled by American Airlines having been for the purpose of travel by the undersigned to board a ship of the Holland American Line for an Alaskan Cruise.

The undersigned further acknowledges that Go Travel Toledo, Inc. booked substituted air travel at added expense and that Go Travel Toledo, Inc. paid for same, and that as a result the cruise part of the trip was disrupted and the undersigned was able to participate only in a portion of the cruise and did not receive the entire benefit of the Alaskan cruise for which it had paid for in advance through Go Travel Toledo, Inc.

That Go Travel Toledo, Inc. having provided substitute air travel and refunded a portion of the Alaskan cruise fare as reimbursement for the damage and inconvenience suffered by the undersigned as a result of the airline booking cancellation by American Airlines, agrees that Claimant will not bring or assert any claim against Go Travel Toledo, Inc., its' officers, employees or directors in connection with the travel disruption suffered by the undersigned and in consideration of the foregoing , the sums advanced and paid by Go Travel Toledo, Inc. to and for the benefit of the undersigned, the undersigned assigns and transfers to Go Travel Toledo, Inc. all the undersigned claims, rights, causes of action and demands for reimbursement or claim against American Airlines as a result of the Incident, including assignment by way of subrogation.

Go Travel Toledo, Inc. is authorized by the undersigned to assert claims, demands and causes of action against American Airlines on behalf of Go Travel Toledo, Inc. and as assignee on behalf of the undersigned with respect to any claims, causes of action or demands that the undersigned have against American Airlines, Inc. as a result of the incident and of every kind and nature relating thereto. Further, the undersigned hereby appoints Go Travel Toledo, Inc. as its attorney in fact to pursue such claims, demands and causes of action, and that the proceeds of collection and recovery of any such claim asserted and pursued against American Airlines by Go Travel Toledo, Inc. shall be the property of Go Travel Toledo, Inc. including the right of Go Travel Toledo, Inc. to as attorney in fact to execute and sign releases and indorse checks and drafts in the name of the undersigned with respect to the pursuit and collection of such claims, the same to be without expense or cost to the undersigned.

This instrument shall be binding upon the undersigned, their heirs, personal representatives and assigns.

In Witness Whereof, this Covenant Not to Sue and assignment of Claims was executed This _9_ day of _November_, 2000

Witness

_____

_____
Marilyn

Claimant _____

Claimant _____

State of _Michigan_.

County of _Monroe_  ss

Before me, a notary public in and for said county and state appeared

_Ronnie & Marta Thompson_

Who being first sworn according to law deposed and stated they executed the foregoing instrument as their voluntary act and deed for the purposes expressed therein this ___ day of

_November_, 2000.

_____
Notary Public

My Commission Expires _10-11-2003_

SANDRA LOU GREENWOOD-MONINGE
Notary Public, Monroe County, Michigan
My Commission Expires October 11, 2003

# Covenan. Not to Sue and Assignment ㆍ claims

For One ($1.00) and other good and valuable consideration received from Go Travel Toledo, Inc. the undersigned, *MR. + MRS. ANTONIO QUINTANILLA* ("Claimant") agrees not to assert directly or indirectly any claim against Go Travel Toledo, Inc. with respect to the cancellation of an air travel booking and reservation on American Airlines for travel on or about July 1, 2000 from Detroit Metro Airport to Vancouver B.C., returning on or about July 8, 2000, (the "incident") the air travel booked and reserved by Go Travel Toledo, Inc. and cancelled by American Airlines having been for the purpose of travel by the undersigned to board a ship of the Holland American Line for an Alaskan Cruise.

The undersigned further acknowledges that Go Travel Toledo, Inc. booked substituted air travel at added expense and that Go Travel Toledo, Inc. paid for same, and that as a result the cruise part of the trip was disrupted and the undersigned was able to participate only in a portion of the cruise and did not receive the entire benefit of the Alaskan cruise for which it had paid for in advance through Go Travel Toledo, Inc.

That Go Travel Toledo, Inc. having provided substitute air travel and refunded a portion of the Alaskan cruise fare as reimbursement for the damage and inconvenience suffered by the undersigned as a result of the airline booking cancellation by American Airlines, agrees that Claimant will not bring or assert any claim against Go Travel Toledo, Inc., its' officers, employees or directors in connection with the travel disruption suffered by the undersigned and in consideration of the foregoing ; the sums advanced and paid by Go Travel Toledo, Inc. to and for the benefit of the undersigned, the undersigned assigns and transfers to Go Travel Toledo, Inc. all the undersigned claims, rights, causes of action and demands for reimbursement or claim against American Airlines as a result of the incident, including assignment by way of subrogation.

Go Travel Toledo, Inc. is authorized by the undersigned to assert claims, demands and causes of action against American Airlines on behalf of Go Travel Toledo, Inc. and as assignee on behalf of the undersigned with respect to any claims, causes of action or demands that the undersigned have against American Airlines, Inc. as a result of the incident and of every kind and nature relating thereto. Further, the undersigned hereby appoints Go Travel Toledo, Inc. as its attorney in fact to pursue such claims, demands and causes of action, and that the proceeds of collection and recovery of any such claim asserted and pursued against American Airlines by Go Travel Toledo, Inc. shall be the property of Go Travel Toledo, Inc. including the right of Go Travel Toledo, Inc. to as attorney in fact to execute and sign releases and indorse checks and drafts in the name of the undersigned with respect to the pursuit and collection of such claims, the same to be without expense or cost to the undersigned.

This instrument shall be binding upon the undersigned, their heirs, personal representatives and assigns.

In Witness Whereof, this Covenant Not to Sue and assignment of Claims was executed This __7__ day of __NOVEMBER__, 2000

Witness

_____

State of __OHIO__

County of __LUCAS__ _____ ss

Claimant

Claimant

Before me, a notary public in and for said county and state appeared
__Antonio Quintanilla__ and __Mary D Quintanilla__
Who being first sworn according to law deposed and stated they executed the foregoing instrument as their voluntary act and deed for the purposes expressed therein this __7th__ day of __November__, 2000.



TORI L. ROSE Perez
Notary Public, State of Ohio
Commission Expires 10-20-03

Notary Public
My Commission Expires _____

# Covenant Not to Sue and Assignment / claims

For One ($1.00) and other good and valuable consideration received from Go Travel Toledo, Inc. the undersigned, _____("Claimant") agrees not to assert directly or indirectly any claim against Go Travel Toledo, Inc. with respect to the cancellation of an air travel booking and reservation on American Airlines for travel on or about July 1, 2000 from Detroit Metro Airport to Vancouver B.C., returning on or about July 8, 2000, (the "incident") the air travel booked and reserved by Go Travel Toledo, Inc. and cancelled by American Airlines having been for the purpose of travel by the undersigned to board a ship of the Holland American Line for an Alaskan Cruise.

The undersigned further acknowledges that Go Travel Toledo, Inc. booked substituted air travel at added expense and that Go Travel Toledo, Inc. paid for same, and that as a result the cruise part of the trip was disrupted and the undersigned was able to participate only in a portion of the cruise and did not receive the entire benefit of the Alaskan cruise for which it had paid for in advance through Go Travel Toledo, Inc.

That Go Travel Toledo, Inc. having provided substitute air travel and refunded a portion of the Alaskan cruise fare as reimbursement for the damage and inconvenience suffered by the undersigned as a result of the airline booking cancellation by American Airlines, agrees that Claimant will not bring or assert any claim against Go Travel Toledo, Inc., its' officers, employees or directors in connection with the travel disruption suffered by the undersigned and in consideration of the foregoing , the sums advanced and paid by Go Travel Toledo, Inc. to and for the benefit of the undersigned, the undersigned assigns and transfers to Go Travel Toledo, Inc. all the undersigned claims, rights, causes of action and demands for reimbursement or claim against American Airlines as a result of the Incident, including assignment by way of subrogation.

Go Travel Toledo, Inc. is authorized by the undersigned to assert claims, demands and causes of action against American Airlines on behalf of Go Travel Toledo, Inc. and as assignee on behalf of the undersigned with respect to any claims, causes of action or demands that the undersigned have against American Airlines, Inc. as a result of the incident and of every kind and nature relating thereto. Further, the undersigned hereby appoints Go Travel Toledo, Inc. as its attorney in fact to pursue such claims, demands and causes of action, and that the proceeds of collection and recovery of any such claim asserted and pursued against American Airlines by Go Travel Toledo, Inc. shall be the property of Go Travel Toledo, Inc. including the right of Go Travel Toledo, Inc. to as attorney in fact to execute and sign releases and indorse checks and drafts in the name of the undersigned with respect to the pursuit and collection of such claims, the same to be without expense or cost to the undersigned.

This instrument shall be binding upon the undersigned, their heirs, personal representatives and assigns

In Witness Whereof this Covenant Not to Sue and assignment of Claims was executed This 13th day of November, 2000

Witness

_____

_____

State of Michigan

County of Monroe _____ ss

Before me, a notary public in and for said county and state appeared

_____

Who being first sworn according to law deposed and stated they executed the foregoing instrument as their voluntary act and deed for the purposes expressed therein this 13 day of November, 2000.

Claimant

Claimant

_____
Notary Public
My Commission Expires 1-7-03

# Covena... Not to Sue and Assignment of claims

For One ($1.00) and other good and valuable consideration received from Go Travel Toledo, Inc. the undersigned, _Martha A. Harris_ ("Claimant") agrees not to assert directly or indirectly any claim against Go Travel Toledo, Inc. with respect to the cancellation of an air travel booking and reservation on American Airlines for travel on or about July 1, 2000 from Detroit Metro Airport to Vancouver B.C., returning on or about July 8, 2000, (the "incident") the air travel booked and reserved by Go Travel Toledo, Inc. and cancelled by American Airlines having been for the purpose of travel by the undersigned to board a ship of the Holland American Line for an Alaskan Cruise.

The undersigned further acknowledges that Go Travel Toledo, Inc. booked substituted air travel at added expense and that Go Travel Toledo, Inc. paid for same, and that as a result the cruise part of the trip was disrupted and the undersigned was able to participate only in a portion of the cruise and did not receive the entire benefit of the Alaskan cruise for which it had paid for in advance through Go Travel Toledo, Inc.

That Go Travel Toledo, Inc. having provided substitute air travel and refunded a portion of the Alaskan cruise fare as reimbursement for the damage and inconvenience suffered by the undersigned as a result of the airline booking cancellation by American Airlines, agrees that Claimant will not bring or assert any claim against Go Travel Toledo, Inc., its' officers, employees or directors in connection with the travel disruption suffered by the undersigned and in consideration of the foregoing , the sums advanced and paid by Go Travel Toledo, Inc. to and for the benefit of the undersigned, the undersigned assigns and transfers to Go Travel Toledo, Inc. all the undersigned claims, rights, causes of action and demands for reimbursement or claim against American Airlines as a result of the Incident, including assignment by way of subrogation.

Go Travel Toledo, Inc. is authorized by the undersigned to assert claims, demands and causes of action against American Airlines on behalf of Go Travel Toledo, Inc. and as assignee on behalf of the undersigned with respect to any claims, causes of action or demands that the undersigned have against American Airlines, Inc. as a result of the incident and of every kind and nature relating thereto. Further, the undersigned hereby appoints Go Travel Toledo, Inc. as its attorney in fact to pursue such claims, demands and causes of action, and that the proceeds of collection and recovery of any such claim asserted and pursued against American Airlines by Go Travel Toledo, Inc. shall be the property of Go Travel Toledo, Inc. including the right of Go Travel Toledo, Inc. to as attorney in fact to execute and sign releases and indorse checks and drafts in the name of the undersigned with respect to the pursuit and collection of such claims, the same to be without expense or cost to the undersigned.

This instrument shall be binding upon the undersigned, their heirs, personal representatives and assigns.

In Witness Whereof, this Covenant Not to Sue and assignment of Claims was executed This _17_ day of _November_, 2000

Witness

_____

_____

State of _Michigan_

County of _Lenawee_ ss

Before me, a notary public in and for said county and state appeared
_Martha A. Harris_
Who being first sworn according to law deposed and stated they executed the foregoing instrument as their voluntary act and deed for the purposes expressed therein this _17_ day of _November_, 2000.

_Martha A. Harris_
Claimant

_____
Claimant

_____
Notary Public
My Commission Expires _1-4-2005_

TARA L. ROHLAN
Notary Public, Lenawee Co., MI
My ~ ~ Expires Jan. 4, 2005

# Covenan Not to Sue and Assignment of claims

For One ($1.00) and other good and valuable consideration received from Go Travel Toledo, Inc. the undersigned, *James & Wanda Muncy* ("Claimant") agrees not to assert directly or indirectly any claim against Go Travel Toledo, Inc. with respect to the cancellation of an air travel booking and reservation on American Airlines for travel on or about July 1, 2000 from Detroit Metro Airport to Vancouver B.C., returning on or about July 8, 2000, (the "incident") the air travel booked and reserved by Go Travel Toledo, Inc. and cancelled by American Airlines having been for the purpose of travel by the undersigned to board a ship of the Holland American Line for an Alaskan Cruise.

The undersigned further acknowledges that Go Travel Toledo, Inc. booked substituted air travel at added expense and that Go Travel Toledo, Inc. paid for same, and that as a result the cruise part of the trip was disrupted and the undersigned was able to participate only in a portion of the cruise and did not receive the entire benefit of the Alaskan cruise for which it had paid for in advance through Go Travel Toledo, Inc.

That Go Travel Toledo, Inc. having provided substitute air travel and refunded a portion of the Alaskan cruise fare as reimbursement for the damage and inconvenience suffered by the undersigned as a result of the airline booking cancellation by American Airlines, agrees that Claimant will not bring or assert any claim against Go Travel Toledo, Inc., its' officers, employees or directors in connection with the travel disruption suffered by the undersigned and in consideration of the foregoing, the sums advanced and paid by Go Travel Toledo, Inc. to and for the benefit of the undersigned, the undersigned assigns and transfers to Go Travel Toledo, Inc. all the undersigned claims, rights, causes of action and demands for reimbursement or claim against American Airlines as a result of the Incident, including assignment by way of subrogation.

Go Travel Toledo, Inc. is authorized by the undersigned to assert claims, demands and causes of action against American Airlines on behalf of Go Travel Toledo, Inc. and as assignee on behalf of the undersigned with respect to any claims, causes of action or demands that the undersigned have against American Airlines, Inc. as a result of the incident and of every kind and nature relating thereto. Further, the undersigned hereby appoints Go Travel Toledo, Inc. as its attorney in fact to pursue such claims, demands and causes of action, and that the proceeds of collection and recovery of any such claim asserted and pursued against American Airlines by Go Travel Toledo, Inc. shall be the property of Go Travel Toledo, Inc. including the right of Go Travel Toledo, Inc. to as attorney in fact to execute and sign releases and indorse checks and drafts in the name of the undersigned with respect to the pursuit and collection of such claims, the same to be without expense or cost to the undersigned.

This instrument shall be binding upon the undersigned, their heirs, personal representatives and assigns.

In Witness Whereof, this Covenant Not to Sue and assignment of Claims was executed This __17__ day of __November__, 2000

**Witness**

_Lisa A. Pungiran_
LISA A. Pungiran

_Terry L. Northrup_
Terry L. Northrup

_James Muncy_ JAMES MUNCY
Claimant

_Wanda Muncy_ WANDA MUNCY
Claimant

State of __Michigan__

County of __Lenawee__ ss

Before me, a notary public in and for said county and state appeared
__James & Wanda Muncy__
Who being first sworn according to law deposed and stated they executed the foregoing instrument as their voluntary act and deed for the purposes expressed therein this __17__ day of __November__, 2000.

_Terry L. Northrup_
Notary Public
My Commission Expires __02-15-01__

**TERRY L. NORTHRUP**
Notary Public, Jackson County, MI
Acting In Lenawee County, MI
My Commission Expires February 15, 2001

# Covena... Not to Sue and Assignment of claims

For One ($1.00) and other good and valuable consideration received from Go Travel Toledo, Inc. the undersigned, _____("Claimant") agrees not to assert directly or indirectly any claim against Go Travel Toledo, Inc. with respect to the cancellation of an air travel booking and reservation on American Airlines for travel on or about July 1, 2000 from Detroit Metro Airport to Vancouver B.C., returning on or about July 8, 2000, (the "incident") the air travel booked and reserved by Go Travel Toledo, Inc. and cancelled by American Airlines having been for the purpose of travel by the undersigned to board a ship of the Holland American Line for an Alaskan Cruise.

The undersigned further acknowledges that Go Travel Toledo, Inc. booked substituted air travel at added expense and that Go Travel Toledo, Inc. paid for same, and that as a result the cruise part of the trip was disrupted and the undersigned was able to participate only in a portion of the cruise and did not receive the entire benefit of the Alaskan cruise for which it had paid for in advance through Go Travel Toledo, Inc.

That Go Travel Toledo, Inc. having provided substitute air travel and refunded a portion of the Alaskan cruise fare as reimbursement for the damage and inconvenience suffered by the undersigned as a result of the airline booking cancellation by American Airlines, agrees that Claimant will not bring or assert any claim against Go Travel Toledo, Inc., its' officers, employees or directors in connection with the travel disruption suffered by the undersigned and in consideration of the foregoing , the sums advanced and paid by Go Travel Toledo, Inc. to and for the benefit of the undersigned, the undersigned assigns and transfers to Go Travel Toledo, Inc. all the undersigned claims, rights, causes of action and demands for reimbursement or claim against American Airlines as a result of the Incident, including assignment by way of subrogation.

Go Travel Toledo, Inc. is authorized by the undersigned to assert claims, demands and causes of action against American Airlines on behalf of Go Travel Toledo, Inc. and as assignee on behalf of the undersigned with respect to any claims, causes of action or demands that the undersigned have against American Airlines, Inc. as a result of the incident and of every kind and nature relating thereto. Further, the undersigned hereby appoints Go Travel Toledo, Inc. as its attorney in fact to pursue such claims, demands and causes of action, and that the proceeds of collection and recovery of any such claim asserted and pursued against American Airlines by Go Travel Toledo, Inc. shall be the property of Go Travel Toledo, Inc. including the right of Go Travel Toledo, Inc. to as attorney in fact to execute and sign releases and indorse checks and drafts in the name of the undersigned with respect to the pursuit and collection of such claims, the same to be without expense or cost to the undersigned.

This instrument shall be binding upon the undersigned, their heirs, personal representatives and assigns.

In Witness Whereof, this Covenant Not to Sue and assignment of Claims was executed This _17_ day of, November , 2000

Witness

_Casey N Bunker_

_Nancy G Monto_

Claimant _Angela De Luca_

Claimant _Carole De Luca_

State of _OHIO_

County of _WOOD_ ss

Before me, a notary public in and for said county and state appeared _Angelo and Carole De Luca_ Who being first sworn according to law deposed and stated they executed the foregoing instrument as their voluntary act and deed for the purposes expressed therein this _17_ day of _November_ , 2000.

Notary Public _Casey N Bunker_
My Commission Expires _8/8/04_

CASEY G. BUNKER
Notary Public - State of Ohio
My Commission Expires Aug. 8, 2004